Good morning, Your Honors. May it please the Court, my name is Mitchell Lowe and I represent the Petitioner Appellant James Houston. Since I only have ten minutes this morning, and I'm going to try to save a couple of those minutes for rebuttal, I'm going to try to just touch on some key points I think are important in making your determination here. First, I just want to make clear that we're here today because James Houston, who is a pro se habeas petitioner, made some procedural legal mistakes. First, he failed to file an opposition to a motion to dismiss brought by the State, and then he admittedly failed to file notice of appeal. I think it's worth noting, though, that before James had no counsel, or before James didn't have counsel, his counsel, court-appointed counsel, wasn't much better. In his murder trial, he received a four-minute opening statement, and the court-appointed attorney failed to bring several defenses to light that could have brought his conviction down to manslaughter. But that's a little bit beside the point I understand. All James is seeking by virtue of the 60B motion is the opportunity to amend his habeas petition and just put forth an argument that the statute of limitations could be equitably told. Throughout James' foray into the Federal courts on his or in the State courts, actually, representing himself, the State has tried to have their cake and eat it, too. On one hand, they expect James, as a pro se litigant, to follow the exact same procedural rules as I would have to follow or any other civil litigant. But on the other hand, they don't want to forward him the same rights that another civil litigant who's represented by counsel would have. Given the time is so short, let me cut to the chase for me. Sure. As I read the district court order, the district court made a mistake in trying to evaluate whether there were extraordinary circumstances that would allow the Rule 60 motion to go forward. I think the proper standard was this excusable neglect. Assuming for the moment that it might have been excusable neglect and assuming for a moment that you're then allowed to argue to the district court that it should be told, what's your tolling argument? Well, it's a tolling argument. And we were careful not to get in this too much in the actual 60B motion because we didn't want to make it appear to be a successive petition. But I understand your question. And I believe that it is going to be because State action caused him not to be able to file it on time. And I understand that that's an uphill battle. State action in the sense that you're talking about access to the library, you're talking about that kind of stuff? I am, yes. And just give me a hint as to, I mean, it's lockdowns, it's, I mean, and how late was he? He was like six months late? I think it was a little bit less than that. I think it was three months. But it will be excessive lockdowns caused him not to have access to the law library. And James and I both understand that's a tough argument and an uphill battle. But, you know, during the course of the 60B motion, I did a little discovery and we got his prison records. And while he was at Susanville during the relevant time period, he, we have a document and it's attached in the record saying that he had excessive, excessive lockdown time during the exact period that his habeas petition was due. We would argue that that, that excessive lockdown time caused him to not be able to apply. Okay. So that's the tolling argument, if you ever get to make it. Okay. Yes, it is. I'd like to touch on one other issue, if I may, and that's the Court's ruling that, the district court's ruling that James' 60B motion constituted a successive habeas petition. And I don't believe it is. The State in their opposition concedes that a 60B motion is not a successive petition if the movement invokes a specific portion of Rule 60B and seeks consideration in light of a new legal theory. Despite what the State says in their opposition, James did invoke not one but two specific portions of Rule 60B, Rule 60B1 and Rule 60B6. And he sought consideration in light of a new legal theory. That would be the excusable neglect we were just talking about. Furthermore, in their opposition, the State claims that this issue of the propriety of Rule 60B motions to, in the habeas context, was going to be decided by the United States Supreme Court in Gonzalez v. Crosby that was under submission at the time we filed our briefs. Since then, the Court has decided, and they've decided that 60B motions aren't always successive petitions, and, in fact, they aren't successive petitions if, once again, you invoke a specific portion of Rule 60B, as James did, and so long as the constitutionality of the State court decision isn't attacked in the 60B motion. And we were very careful in drafting this motion not to talk about the constitutionality of James's State court conviction, other than in a background section to give the Court understanding of the case. All James asked for was just leave to amend. And I brought this up, this argument up in our papers, and it's an imperfect analogy, I understand, but I think it's important that if I was walking in this morning and I tripped outside and I hurt my knee and I waited 5, 6 years to bring a tort action, hired a lawyer, filed a complaint, and it was dismissed for statute of limitations grounds, I believe there's a good chance that I would be able to amend that petition and argue that the statute of limitations should be equitably told for one reason or another. James, who's a pro se litigant serving a life sentence, working from jail, isn't afforded that same right to just come in and make his argument. I appreciate that you asked about what we would do to equitably toll it, but I think the issue is even narrower than that, is just give us the opportunity to equitably toll the statute of limitations. We're not saying it's going to happen, but I think given the what James has gone through in this case, that he should just be given the right to amend his petition. And you've not made the equitable tolling argument yet to the district court because the district court has denied the motion to under rule secular successive under 60B everywhere from Sunday. You've not got to make that argument yet. Correct. We just we felt under the law it wasn't procedurally correct to do that at that time. But we look forward to the possibility of maybe being able to do that. Well, it took him one year, right, after, I mean, to finally wake up and file the 60B motion? Yeah. I wouldn't. I mean, you say equitably toll. He was locked down for three months and couldn't have access to the law library. But it took, it wasn't, he's not three months late. He's almost a year late. Well, I think that's a separate issue. I think that's how long he waited to file his 60B motion. His 60B motion was timely because it was within one year. So I think the equitable tolling goes to the fact that his, you know, his petition for habeas corpus was in fact late. And he falls into 60B instead of appeal as soon as he misses his notice of appeal date, which is 30 days. Right. This is only, we really. And so whether he's 30, whether he files his 60B motion on day 35 or two days before the year's expired, it's a valid 60B motion, assuming it complies with the other requirements. If it's after the one year, though, then he gets into the ground of extraordinary circumstances and it's much harder. So and just really quick to answer your question. The reason it took him a year to file his 60B motion, if that's important, is, you know, he was in prison. And being the lawyer who drafted the 60B motion, it's not the easiest procedural and substantive grounds to get through. And he was by himself pro se until he, until our law firm agreed to represent him and took the 60B motion. So that would be my fault. We understand that. Okay. Yeah. But if you're talking, if we're getting on an excusable neglect, is that for us at this point? I'm not talking about equitable tolling, but the excusable neglect part of it under Pioneer. Is that something that we should weigh here or should we remand that for the district court to analyze in the first instance? Well, ideally, I would prefer that we weigh it here and then possibly overturn the district court decision and remand with a hint to grant the motion and allow him to amend. I mean, that would be ideal. If you felt that you just wanted to remand it to the district court, I'd be more than happy to return and argue the excusable neglect to them directly. And I suppose if we were inclined to decide it ourselves against you, you'd want the remand, too. That would be nice as well. I'd take it. Okay. Thank you. Good morning. Juliet Haley appearing for the appellee, Castro. I want to start with something that's, with this excusable neglect and that the, your question or your indication that you believe that the district court did error in not finding that this to be an excusable neglect case and analyzing it that  the reason that Judge Ilston did not analyze it as excusable neglect was that if you look at his pleadings, his argument for failing to file a motion to dismiss was because the district court did all these legal errors that she didn't give him, she didn't explain to him what a motion to dismiss meant. She did not afford him an opportunity to amend his petition. She did not act as his paralegal. And if you look at his pleadings, this is not, I mean, I've looked at these excusable neglect cases. They're cases where the attorney's out of town in a civil case, they're supposed to file a motion, and the other side comes in and does a sneak motion, and then they come back and say, well, we didn't get to respond to your motion to dismiss because I was out of town. The whole pleading is about all the things that I was trying to do and why I was late in filing. And what counsel here has, if you look, I mean, look through his reply, his opposition, I mean, his reply to mine. He's not saying mea culpa, mea culpa, all these things happened to me. He's saying, like Ford v. Plyler, he's saying you had a responsibility, district court judge, or you didn't follow Herbst v. Cook. You know, doing a motion to dismiss under Rule 4 is not the proper procedure for considering a statute of limitations. So he's making legal error arguments that he should have brought to this Court. That's what Ford did. That's what Herbst did. Do you agree that the standard under Rule, the applicable standard under Rule 60b is excusable neglect rather than extraordinary circumstances? What I agree is, is that if you are proceeding under excusable neglect, if you're proceeding under mistake under B-1, that the standard is excusable neglect, absolutely. And that you agree, then, that the district court applied the wrong standard when she said extraordinary circumstances? No, because there are cases from this Court saying when you are complaining about legal error, you can't use a Rule 60 motion and not appeal. When you're making clearly legal error arguments, you didn't tell me this, you didn't follow the rules, judge, that's not about excusable neglect. That is a legal error. And the case law says that you cannot use a Rule 60b unless you comply, you bring it within the time afforded by Federal Rules of Appellate Procedure 4. You can't circumvent, you can't forum shop, you can't wait a year and then, you know, because you didn't appeal, and then come back under your Rule 60 and say, I get to appeal that decision. And that's what we're asserting that he did. And he acknowledged it. In his Rule 60b motion, he says, you may have noticed I didn't appeal, but here are my extraordinary circumstances for why I didn't. So at least in the district court, he knew he was proceeding, making claims of legal error, telling Judge Ilsen all the things she did wrong, relying on previous authority of this Court, i.e., Ford v. Plowyer, of why she messed up, what she did wrong. And he says, and I know I didn't appeal, but I got these extraordinary circumstances. I made this prison transfer. I didn't get, you know, I didn't get to a law library in the 30 days. So then he gets here and he starts talking about excusable neglect. I mean, there's not one excusable neglect case in his pleadings. So I don't fault Judge Ilsen. She can't be clairvoyant. And, yes, his big citation is. Kagan. I did notice that the argument to Judge Ilsen was never based on excusable neglect. No. It's not. And so that's why we say you have to show extraordinary circumstances, because it's legal error that he's complaining about. But even if you just, you know, even if this was, even if he had been, and this Court's only supposed to consider the bases that were argued to the district court. They're not, you know, it's bound by that, by those arguments. But even if, even if somehow his single citation to the rule constitutes his presenting excusable neglect, he hasn't established that under this Court's cases. I mean, he has not, you know, yes, maybe it is neglect to just fail to file. But when you get to the question of excusable, it is relevant, as you pointed out. Why did he take a year? I mean, in these excusable neglect cases, they've got a reason. And they file as soon as they are able. And so his argument is, well, I'm just pro se. I'm just ignorant. Well, in habeas, that isn't enough. That's not enough. So the question is, do we analyze that for the first time on appeal? Or if we think that regardless of what was urged to the Court, the Court has to apply the proper standards under 60B and use the pioneer analysis, that that's something for the district court to do in the first instance? Well, I believe that if you see, I mean, this is where it gets sort of circular because I don't think the excusable neglect argument was ever made in front of Judge Elston. So this Court, in theory, should not consider it. No, I understand your position on that. But if you find that it was, and she didn't consider it, then certainly she should have the opportunity to assess an excusable neglect. I believe... Well, just to back up, though, I mean, what happened here is that you have a petition filed under a statute that would say, or rulers would say, use excusable neglect, but they urged the wrong standard, right? Basically. Could he have urged excusable neglect? No, I mean, he didn't urge excusable neglect, but what procedurally he did required application of excusable neglect rules. I don't think that, I mean, I may be, there aren't a lot of cases, but there were two cases, I think it's Gill Ranch and Plotkin, that say if you're claiming legal error, you have to bring a Rule 60 motion within the time allowed to appeal. You can't use Rule 60 to do in the district court what you should have brought to the court of appeal. So unless those cases don't apply, I don't see how he could have proceeded under excusable neglect when he's alleging legal error. And you cited those to the district court? Yes. I see. He did, too. I mean, it's... No, but I... I mean, excuse me, the district court cited them. That was the basis of her decision. That's why she, the exception to that rule is if you have extraordinary circumstances justifying why you did not bring those claims of legal error, you know, within the, you didn't make the motion within the time afforded by the right to appeal. You're talking about the Gila River Ranch case, right? Yes. And those are the cases that Judge Yeltsin relies on. You know, and then she does go on and look at, you know, the merits of his claims of legal error, notwithstanding the fact that he doesn't have the right. You know, and she says, I'm following Herbst v. Cook. This is a Rule 4 motion. This is not, you know, Petitioner wants to say I should have a right to amend. The State converted a 12b6 motion into a Rule 56 motion. I mean, this is Rule 4. And Rule 4 says that the district court has to look at a habeas petition, and if it's clear on the face of the petition that he's not entitled to relief, they can summarily dismiss it. And that's what Judge Yeltsin did, based on this Court's decision in Herbst v. Cook, was sought, Petitioner pled it in his petition. Take a look at his petition. It's in my Supplemental Excerpt for Record. He pled that it was outside the statute of limitation. He tried to overcome it, alleging facts of actual innocence. Could you help me? I do not, I can't put my hand on it immediately, and perhaps you can. Could you just read me Rule 60b3? 60b3? Yeah. I think 60b3 deals with fraud on the court. Okay. Well, read me 60b123, then. Okay. Oh, never mind. I've got it right here. They're mutually exclusive, 60b6 and 60b123. They're... Oh, it's one that I want. Mm-hmm. Six, you can only, you allege six when you're not alleging. You can't fit under one, two, or three. On motion that such terms are adjust may relieve a party's legal representative from final judgment for the one or more, one of the preceding following reasons, mistake, inadvertent surprise, or excusable neglect. Neglect of what? Hmm. Okay. Neglect to take an appeal. Well, excuse me. Neglect can be a lot of things. It could be in the civil context, right, that you file a complaint and you fail to allege another cause of action. Right? I mean, and you could have said I needed to have the court consider this. That's been a scenario. There are a lot of them. Most of the time, they are failing to meet court deadlines. And that's what, you know... Well, how about failing to meet the deadline of an appeal? Well, what I'm trying to figure out is you can make a motion for reconsideration by the district judge. Yes, under Rule 4. Right. Under Federal Rules of Appellate Procedure Rule 4, you have within 180 days to try to basically go get the time for appeal to be started anew. But again, you have to meet some specific requirements there to do that. Rule River and Plotkin are way, way before Pioneer. Don't you think that Pioneer superseded them? Well, I don't know if Pioneer... I mean, Pioneer did not address claims of legal error. No, but it set forth excusable neglect. And as I read Plotkin, it really isn't carving out an exception. It's just interpreting Rule 60B. Right, but I think that what Pioneer just basically said was that when you're looking at excusable neglect, B-1, is there a per se rule that failure to follow court deadlines, you know, is not excusable neglect? Right. And it said, no, we have all these... He said, no, we can think of it. But that's still within excusable neglect. It's considering 60B-1. Well, I think maybe the argument is a little bit different. Maybe excusable neglect still has to be analyzed under Pioneer, but the argument is his reasons don't afford any relief under Pioneer factors for the reasons you've said. Because they're claims of legal error? Yes, I guess what I'm saying is you're urging to us today, it seems to me, that there are two different standards, extraordinary circumstances and excusable neglect. I'm not sure that's right post-Pioneer. I mean, Plotkin is a 1983 case, right? Mm-hmm. And Gila River is in the 60s. Right. I mean, there's a lot of 60B water under the bridge since then. Right. So, I mean, I'm not sure that we're going to take some time to think about it, but I'm not sure we can say that we can rely on extraordinary circumstances test for legal error post-Pioneer. I'm just positing. No, I appreciate what you're saying. See, I think the thing that I have trouble reconciling is how can a defendant and it's also I do want to point out that in these other cases, we're talking civil cases where they're in a nascent lawsuit. They are trying to get the complaint right. It's trying to get the right cause of action, Jane and John Doe. Here we are at the end of the game. I mean, this is like habeas is an extraordinary remedy. It's, you know, you have to have more specific pleading allegations than you do in a, you know, it's not notice pleading. I mean, this is the end. But that said, what I find confusing is how it can be that he's making claims as the basis for his Rule 60, all these, quote, mistakes, legal errors by Judge Ilston, that the plaintiff in Herbst v. Cook brought to this Court and got some relief, the plaintiff in Forbes v. Pleyer. I mean, these are appellate errors. These are what I see every day. You don't like how the district court resolved your motion? You think she or he should have done something? You bring it to this Court. You file a COA, and that he can circumvent that process and come back over a year later to the district court and make those arguments and then come this way. I just, that doesn't make sense to me as an appellate lawyer. Well, but how does that jive with our on-box decision in Pin K, though? I mean, they just booted the appellate deadline. It's a civil case. And this is too conspicuous, but it's a pure civil case. And they just flat booted the 30-day appellate deadline and went back to the district court, asked for excuse and neglect. But what they want to urge on appeal, essentially, were legal errors. I realize there's a slight difference in that, but the district court said fine, and we said, well, that's, you analyzed it. We defer to your discretion. But it was a flat error of law that they missed. I mean, they missed the deadline. Well, I don't know. I mean, like I said, I think that those are where you've been, when the plaintiff has been urging excuseable neglect, even under that, from the get-go, properly before the district court. And, you know, I think what the court had to do, what this Court had to do was reconcile that they're not an absolute standard. And I think this Court has suggested in every case in which it said there's not a flat rule, so you need to look at all these factors. But everything you're alleging doesn't amount to excuseable neglect. And that the Court is actually sort of pulling back from, you know, more conservative than it initially was proposed. Roberts. I understand your argument. Any further questions? We've taken you over time with our questions. Thank you very much. No, not your fault. Rebuttal. I'll be very, very brief. First of all, the Rule 60b motion was filed within one year. That's procedurally allowed. I researched this issue at length. It's the only way we could attack the district court's judgment. It really is. Second of all, we're not only arguing legal error. What is replete in the 60b motion is that James is a pro se litigant. So the fact that he didn't file his motion in opposition to the motion to dismiss isn't just because the Court should have said you have a right to plead facts and cure these deficiencies, but it's also because he didn't he made the error. So it is a mea culpa. In addition to the legal error, he didn't know as a pro se litigant, somewhat rightly so, that if he didn't oppose a motion, it would be case closed, habeas petition, and never heard on the merits. So it really should be excusable neglect. It should be evaluated under Pioneer and use those facts to determine if it is sufficient excusable neglect. What do we make of the argument, though, that excusable neglect was never argued to Judge Elston? This is the first time excusable neglect has been argued as the standard. I don't agree with that. I think that 60b-1, which is excusable neglect, was stated as the specific one that we moved under 60b-1 and 60b-6. And also in our reply brief, I footnoted to a portion of the oral argument where excusable neglect in 60b-1 was raised. I can't remember the exact context as I stand here now and that it was raised, but I do believe it was argued. And I believe that Pioneer, the United States Supreme Court case, is the law and should be followed. Well, then it would have to be, I guess, we'd have to look, if it's not urged, I guess we'd have to look under Pioneer standard perhaps. This is one of the things that district court judges really don't like when we, when the parties both urge a different standard and then they come up here and say, come up to this Court and say, no, we were wrong and you should reverse. It's not quite fair to them. Maybe you can help me. I'm looking at your supplemental excerpts of record and I'm looking at your motion to vacate judgment pursuant to federal civil procedure 60b. Can you show me where in this motion, in this paper filed with the district court, you argued for an excusable neglect standard rather than for an extraordinary circumstances standard? I might have read through this too quickly in preparing for the case. I'm reading from my reply brief because I don't exactly know where the motion is in the excerpts of record. Supplemental excerpts of record, page 14. Maybe we should take some time. And you can, what you can do afterwards, just take them all before you leave today and give the citation to our clerk and she'll get it to us. So could you, you might want to take some. I think I found it really quickly. It's under the heading, the court has authority to set aside the judgment of dismissal. And it says on motion and upon session. What page are you on? I am on, I'm actually reading it from page 3 of the reply brief, which quotes. It's on the bottom of page 4 and the top of page 5. Okay. And admittedly, maybe we could have done a better job arguing excusable neglect, but we put the standard in there. Yes, ma'am. And it was argued. And, you know, we feel that honestly under either excusable neglect or extraordinary circumstances, James should be just given the chance to amend his complaint. Okay.  Thank you both for your arguments.
judges: Thomas, W.fletcher, Mahan